

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

5-31-2007

# Watkins v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-1285

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"Watkins v. Atty Gen USA" (2007). *2007 Decisions.* Paper 1050.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/1050

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

DLD-227                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 07-1285
_____

JOSEPH WATKINS,
                                        Appellant,

v.

ALBERTO GONZALES, Attorney General;
JONATHAN C. MINER, Warden of U.S.P. Allenwood

_____

On Appeal From the United States District Court
For the Middle District of Pennsylvania
(D.C. Civ. No. 06-cv-01619)
Chief District Judge: Honorable Yvette Kane

_____

Submitted For Possible Summary Action Under Third Circuit LAR 27.4 and I.O.P. 10.6
May 10, 2007

BEFORE: BARRY, AMBRO and FISHER, Circuit Judges

(Filed: May 31, 2007)
_____

OPINION
_____

PER CURIAM

        Appellant, Joseph Watkins, timely appeals from the District Court's denial

of his petition for a writ of habeas corpus.

        Watkins, a federal inmate, filed a petition under 28 U.S.C. § 2241

challenging the administration of his sentence. Many of the issues therein had been raised previously in a 2002 petition and rejected both by the District Court and by this Court on appeal. See M.D.Pa. Civ. No. 02-cv-1903; C.A. No. 04-1097. At the time this earlier petition was filed, Watkins had a full term expiration date of January 24, 2008, and a projected release date, factoring in good time credit, of December 12, 2005. We agree with the District Court's refusal to revisit petitioner's old claims and to consider only those alleged miscalculations in petitioner's sentence which occurred after the period addressed in his prior petition. The instant petition appears to allege a miscalculation of his good time credit during this period, which has led to a projected release date of November 13, 2007. The District Court found no error in the government's calculations and rejected the petition.

We exercise jurisdiction pursuant to 28 U.S.C. §§ 1291 & 2253 and undertake plenary review of the judgment of the District Court. See Ruggiano v. Reish, 307 F.3d 121, 126 (3d Cir. 2002). Like the District Court, we find no error in the government's calculation of petitioner's release date.[1] When we last reviewed petitioner's sentence, the full term expiration date was January 24, 2008. Factoring in good time credit, his projected release date was December 12, 2005. Since that time, Watkins has been penalized for various infractions by the forfeiture of 688 days of good

_____

[1] As the events in this case are familiar to the parties and ably summarized in the District Court's memorandum, we limit ourselves to a short summary of the relevant changes in petitioner's release date.

time credit. He also earned an additional 7 days of good time credit for time spent in a Residential Reentry Center. Finally, the Bureau of Prisons corrected a computation error in his sentence which led to the addition of 27 days to his full term release date and the addition of 7 days projected good time credit. In total, these changes have resulted in the addition of 701 days to his projected release date. Petitioner does not challenge the validity of these adjustments, but rather contends "improper computation." The government has made its calculations correctly and set Watkins's projected release date as November 13, 2007, 701 days after December 12, 2005.

Accordingly, we will affirm the judgment of the district court. Petitioner's motion for summary reversal is denied.